UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY H. MAHSHIE,

Plaintiff, CASE NO.: 8:20-cv-2378

v.

JEWISH FAMILY & CHILDREN'S

SERVICE OF THE SUNCOAST, INC.,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MARY H. MAHSHIE, by and through her undersigned counsel, and hereby sues the Defendant, JEWISH FAMILY & CHILDREN'S SERVICE OF THE SUNCOAST, INC., and respectfully alleges and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("FMLA"), Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq*. and the Fair Labor Standards Act, 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1367. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Sarasota County, Florida.

5. Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

**PARTIES**

6. Plaintiff, MARY H. MAHSHIE (hereinafter referred to as "Plaintiff") is an adult individual and resident of Sarasota County, Florida. who, at all times material herein, resided in Sarasota County, Florida.

7. Defendant, JEWISH FAMILY & CHILDREN'S SERVICE OF THE SUNCOAST, INC., (hereinafter referred to as "Defendant") is the Plaintiff's employer with its principle place of business located in Sarasota County, Florida.

8. All conditions precedent to bringing this action have been performed or have occurred.

**GENERAL ALLEGATIONS**

**9.** Plaintiff began working for the Defendant on or about September of 2014.

10. From the period of October 22, 2014 through September 10, 2019, the Plaintiff worked as a case manager for the Building Strong Families Program.

11. On or about September 11, 2019, the Plaintiff was transferred to the position in the Operation Military Assistance Program as a case manager.

12. During the meeting in which she was informed of the transfer, the Plaintiff notified her supervisors that she suffered from mental illness and learning disability. She further notified them that she was back in counseling.

13. The Plaintiff requested a reasonable accommodation of remaining in her current position, but that was denied.

14. Early in her new position, the Plaintiff requested a reasonable accommodation from her employer to lower her case load or reduce her newly assigned cases. The Plaintiff also requested more training and assistance with learning the new position and requisite policies and procedures. She was denied both requests.

15. The Plaintiff repeated these requests on several occasions verbally during meetings with her supervisor and other agents of the Defendant.

16. Despite her requests, the Plaintiff was assigned significantly more cases than the other employees within her department.

17. After the Defendant's refusal to work with the Plaintiff on a reasonable accommodation and the increasingly adverse impact it was having on the Plaintiff's mental health and physical health, the Plaintiff's therapist recommended a plan of treatment for the Plaintiff take a period of leave under the Family Medical Leave Act

and/or reasonable accommodation under the ADA, Rehabilitation Act or Florida Civil Rights Act.

18. On June 26, 2020, the Plaintiff requested FMLA from her supervisor.

19. The Plaintiff's supervisor, Athyna Smith, Program Coordinator responded in an aggressive, condescending manner.

20. On June 30, 2020, the Plaintiff followed up on her request with her supervisor and requested assistance with how to apply for FMLA. This time, the Plaintiff was directed to speak with human resources.

21. On July 2, 2019, the Plaintiff spoke with Richard McDaniel, Program Director, who accused her of abandoning the Veterans she served.

22. After applying for FMLA and/or a reasonable accommodation, the Plaintiff was granted leave for the period of July 7, 2020, through July 28, 2020.

23. The Plaintiff returned to work on July 28, 2020.

24. On August 11, 2020, the Plaintiff provided a detailed overview of how she had put in place systems to facilitate her keeping up with her assigned tasks to her supervisor Athyna Smith. Ms. Smith commented that it was "a very good system."

25. Ms. Smith never raised any concerns with the Plaintiff's performance between July 28, 2020 and August 17, 2020.

26. On August 18, 2020, the Plaintiff was placed under a performance improvement plan by Ms. Smith.

27. On August 25, 2020, the Plaintiff went through her system with her supervisor yet again in detail to show how she was managing her tasks and responsibilities. Ms. Smith responded with "you are doing good, keep on track."

28. On September 2, 2020, the Defendant set up a meeting to terminate the Plaintiff. During the meeting, the decision to terminate the Plaintiff was delayed pending an investigation.

29. On September 8, 2020, the Plaintiff was terminated.

**COUNT I**
**VIOLATION OF THE REHABILITATION ACT**
**FAILURE TO ACCOMMODATE**

30. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Plaintiff sues Defendant pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et. seq*.

*32.* Section 504 of the Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability under any program or activity receiving federal financial assistance. 29 U.S.C. § 794.

33. Defendant is an entity that receives federal financial assistance and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

34. As such, Defendant is prohibited from discriminating against an otherwise qualified individual with a disability.

35. Plaintiff is "handicapped" or is an individual with a disability within the meaning of the Rehabilitation Act of 1973, which is defined under the same test as "disability" under the ADA.

36. At all times material herein, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act as she is a person who had physical and mental

impairments which substantially limited one or more major life activities; had a record of such impairments; and/or was regarded as having such impairments as more particularly described in the GENERAL ALLEGATIONS section of this Complaint. 29 U.S.C. § 705(20)(B).

37. At all times material herein, Plaintiff was otherwise qualified for her position.

38. At all times material herein, Plaintiff was qualified to perform the essential functions required of her position.

39. Plaintiff requested a reasonable accommodation when she requested a lower case load in line with her coworkers, receive training and/or take a leave of absence.

40. Defendant violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by, among other things, wrongfully refusing to consider and/or denying the requested reasonable accommodation.

41. As a direct, proximate and foreseeable result of the Defendant's actions, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

42. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

43. Plaintiff is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.*, including equitable relief.

**WHEREFORE,** Plaintiff, MARY H. MAHSHIE, respectfully demands judgment against Defendant, JEWISH FAMILY & CHILDREN'S SERVICE OF THE SUNCOAST,

INC., for any and all available relief under the Rehabilitation Act of 1973, as amended, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

**COUNT II**
**VIOLATION OF THE REHABILITATION ACT**
**RETALIATION**

44. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

45. Plaintiff sues Defendant pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et. seq*.

*46.* Section 504 of the Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability under any program or activity receiving federal financial assistance. 29 U.S.C. § 794.

47. Defendant is an entity that receives federal financial assistance and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

48. Plaintiff engaged in protected activity under the Rehabilitation Act of 1973 when she requested a reasonable accommodation when she requested a lower case load in line with her coworkers, receive training and take a leave of absence.

49. As alleged herein, Plaintiff suffered adverse employment actions as a direct result of her request for reasonable accommodations and engagement in this protected activity.

50. As a direct and proximate result of Plaintiff's request for reasonable accommodations and engagement in this protected activity, Defendant, its agents, and employees terminated her employment.

51. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, MARY H. MAHSHIE, respectfully demands judgment against Defendant, JEWISH FAMILY & CHILDREN'S SERVICE OF THE SUNCOAST, INC., for any and all available relief under the Rehabilitation Act of 1973, as amended, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,**
**29 U.S.C. § 2601 *et seq*.**
**RETALIATION**

52. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

53. Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

54. As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an eligible employee, and the Defendant was and is an employer, as defined by the FMLA.

55. Plaintiff engaged in statutorily protected activity by exercising her right to request intermittent FMLA leave necessitated by her serious health condition of vertigo and reporting to management that she felt she was being targeted.

56. Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to FMLA-protected leaves of absence.

57. Defendant violated the FMLA and retaliated against Plaintiff by, among other things, terminating Plaintiff's employment under false pretenses.

58. A causal connection exists between Plaintiff's requesting and/or taking of intermittent FMLA leaves and Defendant's adverse employment actions and the ultimate decision to terminate Plaintiff's employment.

59. As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

60. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

61. Further, Plaintiff is entitled to liquidated damages as the Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

62. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, MARY H. MAHSHIE, demands judgment against Defendant, JEWISH FAMILY & CHILDREN'S SERVICE OF THE SUNCOAST, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it retaliated against Plaintiff for exercising her rights under the FMLA;

B. Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position with retroactive seniority and granting her full back pay with interest, pension and related benefits;

C. Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F. Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT IV: VIOLATION OF 29 U.S.C. § 207**

**UNPAID OVERTIME**

63. The Defendant at all times material hereto had two or more employees and was and is engaged in interstate commerce.

64. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, handles instruments of interstate commerce, goods in interstate commerce, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

65. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

66. During her employment, the Plaintiff consistently worked in excess of forty (40) hours per week.

67. The Defendant deducted thirty minutes for the Plaintiff's lunch despite the Plaintiff not receiving a lunch break.

68. The Defendant instructed and/or encouraged the Plaintiff to clock out and complete work off the clock.

69. The Defendant frequently altered the Plaintiff's clock in and clock out time to avoid payment of overtime.

70. During the Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of his hours.

71. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to the Plaintiff is in the possession and custody of the Defendants. The Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due her.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

a. Declaring that the Defendant, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding the Plaintiff overtime compensation in the amount calculated;

c. Awarding the Plaintiff liquidated damages in the amount calculated;

d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding the Plaintiff pre-judgment and post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

72. Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this matter.

Respectfully submitted this 11th day of October, 2020.

By: /s/ Frank M. Malatesta, Esq.

FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*